CHRISTENSON v. LO PARO, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8599. Decided May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1100. SPECIFIC PERFORMANCE — 997. Real Estate.**

Specific performance to exchange properties cannot be enforced when the party seeking the remedy cannot perform.

Appeal from Common Pleas.

Decree for defendant.

Locher, Green & Woods, Cleveland, for Christenson.

Nicola & Horn, Cleveland, for Lo Paro.

STATEMENT OF FACTS.

Christenson had become the owner of a farm on the Vermilion River in Wakeman, Ohio, which he had purchased a few days before this alleged sale, upon which there was a mortgage for $15,000, and this farm had a farm house upon it and backed up on the Vermilion river and apparently was a very beautiful place.

The defendant owned a lot of land on Lorain avenue in Cleveland well worth 48 to 50 thousand dollars, upon which Lorain street property there was a mortgage, perhaps two, amounting to $20,000, but the equity of the defendant in this property was about 25 to 28 thousand dollars.

On plaintiff's farm there was a mortgage of $15,000 which the defendant was to assume and the trade was to be an even trade,—the farm on the river at Wakeman being valued at about $50,000 and the real estate on Lorain avenue at about 48 to 50 Thousand Dollars. The contract was entered into by the defendant below in good faith, not having any knowledge of the value or the condition of this land and the papers were made and placed in escrow, but before the time came for the execution of these papers, a suit had been brought by the holder of the mortgage on the farm in Wakeman and that suit resulted in a sale of this land for $10,010 at Sheriff's sale, and it was appraised by the appraisers appointed by the court of Huron county at somewhere between 14 and 15 thousand dollars, and so it was sold for a little more than two-thirds of its appraisal.

While this negotiation was pending the plaintiff in this suit made no attempt to, nor did he preserve the property so that he would

have it to transfer to the defendant. By some sort of a pleading the defendant was made a party to that proceeding in ·Huron county and a deficiency judgment was rendered for the difference between the mortgage and what the land sold for, amounting to some 5 or 6 Thousand Dollars. The defendant, learning from those who were acquainted with the value and knew of the condition of the real estate of farm lands around Wakeman, told this man that the farm that had been represented to be worth $50,000 was worth 18 to 20 Thousand Dollars and was subsequently sold for $10,010.

Before this deal was consummated the plaintiff became aware of the condition of things and ultimately refused to go forward with his deal, although it seems that at the time when the deal was to be consummated he had not yet learned of the misrepresentations or fraud that had been practiced upon him, nor the value of this land, and was at the place where the deal was to be consummated, ready and willing to go forward. But it seems that the plaintiff was not present or did not appear for the purpose of finishing this deal.

However that might be, before this suit was brought the defendant learned of all the conditions surrounding this farm proposition and learned that this farm, while of course it might have been suitable for allotment purposes, was so far from any place where the allotments could be utilized, that it was useless for anything except farm land, and the value put upon it by the farmers in the vicinity, who were well acquainted with the value of the land, put it at $75.00 to $100.00 an acre, or $18,000 to $20,000 in all.

He thereupon declined to go forward with the deal and defendant brought this suit, and before the case came into this court the land had been sold and the plaintiff had nothing to give in return and he is asking this court of equity to compel the defendant to deed over to him a property in which there is an equity of from 20 to 28 Thousand Dollars for nothing, and that does not state the whole case either. He was not only going to give nothing in return, but was going to compel and seeks to compel the defendant to assume a liability of some 5 or 6 Thousand Dollars, and he is asking a court of equity to use its powers to compel the defendant to deed to the plaintiff property worth $48,000 to $50,000 in which there is an equity of $25,000 to $28,000, for absolutely nothing and worse, and during all this time plaintiff took no means to preserve, so that he could have in his control, the property that he agreed to trade to the defendant.

VICKERY, J.

It would seem that one only would have to state the proposition to see how inequitable such a decision would necessarily be.

The plaintiff is not entitled to the relief he seeks in this case for the reason that to use the equity power of the court to enter such a judgment would be so grossly inequitable that it would shock the conscience of the chancellor in any court. The plaintiff not having in his possession or power to deliver the article he promised to deliver, he cannot enforce specific performance, because the record plainly shows, or it is admitted in argument, that this property was sold at Sheriff's sale and that it is now owned by some one other than the plaintiff.

If the plaintiff wanted to have this transaction completed he had to be in readiness to tender and be able to perform his part of the contract. Not being able to do so, he is not entitled to the relief sought.

There may be a decree for the defendant. (Sullivan, PJ., and Levine, J., concur.)